## Cauffiel, Appellant, *v.* Johnstown.

*Equity—Findings of fact—Municipal contract—Interest of councilmen.*

On a bill in equity to declare a municipal contract invalid because several councilmen who had voted for it were stockholders of the corporation with which the contract was made, a finding by the lower court based upon sufficient evidence that the councilmen in question had parted with their stock absolutely and in good faith before they voted for the contract, will not be disturbed in the absence of manifest error.

Argued May 2, 1910. Appeal, No. 71, April T., 1910, by plaintiff, from decree of C. P. Cambria Co., No. 2, March T., 1909, dismissing bill in equity in case of Joseph Cauffiel v. The City of Johnstown, Alexander Wilson, Mayor, George Hamilton, City Clerk, and John H. Horrocks, City Controller. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, BEAVER and PORTER, JJ. Affirmed.

Bill in equity to declare a municipal contract void. Before KOOSER, P. J.

The bill charged that certain councilmen had voted for the contract in question when they were stockholders of the company. The court found as a fact that they had

sold and assigned their stock in good faith and absolutely before they voted for the contract.

*Error assigned* was decree dismissing bill in equity.

*John Marron*, with him *Frank P. Barnhart*, for appellant.

*Percy Allen Rose*, with him *Forest Rose* and *W. David Lloyd*, for appellees.

OPINION BY MORRISON, J., July 20, 1910:

A careful examination of the testimony, findings of fact, conclusions of law, exceptions, arguments of counsel and the opinion and decree of the court below convinces us that the case was correctly tried and a proper decision reached, and, therefore, we are of opinion that it would serve no good purpose for us to discuss the various questions raised by the assignments of error. We are all satisfied with the findings of fact, conclusions of law and decree of the court below.

The assignments of error are all overruled and the decree affirmed. And it is further ordered and decreed that the plaintiff pay the costs of this appeal.